[S. F. No. 14540. In Bank.—May 11, 1932.]

J. L. McCLAIN, Petitioner, v. CARL B. WIRSCHING et al., Respondents.

Brown & Brown for Petitioner.

Erwin P. Werner, City Attorney, and Frederick von Schrader and William H. Neal, Assistant City Attorneys, *Amici Curiae* on Behalf of Petitioner.

Arthur M. Ellis and Woodward M. Taylor for Respondents.

SHENK, J.—This is an application for a writ of mandate to compel the respondents, as the board of public works of the city of Los Angeles to execute a contract for the construction of certain street improvements awarded by the city council of said city to the petitioner herein.

On August 14, 1931, there became effective the act designated as the "Special Assessment Investigation, Limitation and Majority Protest Act of 1931". (Stats. 1931, p. 1372.)

Section 1 of that act provides: "Before any ordinance or resolution of intention or other initial action prescribed by any law of this state may be taken by the legislative body of any county, city and county, or city in this state, for the construction of any public improvement and/or the acquisition of any property for public use, when the cost of such construction or acquisition is to be paid in whole or in part by special assessments or through special assessment taxes upon lands, proceedings shall be taken as required by this act."

Section 13 of the act provides: "This act shall not apply to any proceeding in which an ordinance or resolution of intention has been finally adopted before the date this act becomes effective."

On August 13, 1931, the city council of the city of Los Angeles unanimously passed an ordinance of intention to do the street work and improvements described therein and providing that the cost thereof be paid by special assessment against the property in the assessment district, and elected to proceed in accordance with the provisions of the "Improvement Act of 1911". (Stats. 1911, p. 730.) This ordi-

nance of intention was approved and signed by the mayor of the city of Los Angeles on August 14, 1931. The ordinance was thereafter duly published as required by the city charter. Proceedings in accordance with the requirements of the ''Special Assessment Investigation, Limitation and Majority Protest Act of 1931'' were not taken. The petition for the writ is presented showing the foregoing facts and the further fact that the respondents have refused to execute the contract awarded to the petitioner on the sole ground that the provisions of said act of 1931 had not been complied with by the city council prior to the adoption of said ordinance. A demurrer to the petition presents but one question, viz.: Whether the proceedings taken by the city council up to and including August 13, 1931, were effective to bring them within the exception provided by section 13 of the act of 1931.

This question presents for consideration the meaning of the words ''finally adopted'' as used in the exception provided by said section 13. The petitioner contends that the only possible interpretation to be placed upon the words is that which ascribes to them the final action or determination only of the legislative body of the municipality conducting the proceedings and that they do not refer to acts of any other person or body necessary to give effect to the ordinance. The petitioner refers to section 26 of article 3 of the city charter which provides that ''no ordinance shall be passed finally on the day it is introduced, but the same shall be laid over for one week, unless approved by unanimous vote of all members of the council present . . . '' ; and section 29, which requires that every ordinance, before it becomes effective, be signed by the city clerk or other authorized person and be presented to the mayor for his approval, etc.

The respondents on the other hand argue that sections 29, 30 and 31 of article 3 of the city charter compel an interpretation that ''final adoption'' requires approval of the mayor or the passage of the enactment over the mayor's veto. Section 29 provides for reconsideration and passage over the mayor's veto by a two-thirds vote. Section 30 provides that if the ordinance be not returned by the mayor within ten days after presentation to him, ''it shall

become as effective and be as valid as if the mayor had approved and signed it".

Section 31 reads: "All ordinances finally adopted under the provisions of this charter shall be published in the English language by at least one insertion in some daily newspaper printed and published in the city of Los Angeles, or by posting for at least ten days in three public places in said city, and until and without such publication or posting no ordinance shall be valid or take effect."

■ Obviously the purpose of the legislature by section 13 of the act of 1931 was to except from the provisions of that act such proceedings as had progressed to a certain point of effectiveness, and it designated that point as the time when an ordinance or resolution has become "finally adopted". The city elected to proceed under general law in the matter of the improvement proceeding and must be deemed bound by said section 13. The city also elected to proceed by an ordinance of intention. The city charter must govern in the matter of the adoption of said ordinance. ■ Under the charter the ordinance as a legislative act is only in the process of adoption until it is approved by the mayor, or is passed over his veto, or takes effect without his approval by lapse of time. Until one of these three events occurs the adoption of the ordinance is not an accomplished fact. None of them occurred before the statute became effective and the exception provided for in section 13 thereof does not apply to said ordinance.

The respondents were justified in refusing to execute the contract.

The peremptory writ is denied.

Seawell, J., Curtis, J., Preston, J., and Waste, C. J., concurred.